TEXAS TURNPIKE AUTHORITY, Appellant,

v.

CITY OF FORT WORTH et al., Appellees.

No. B–6552.

Supreme Court of Texas.

July 27, 1977.

Locke, Purnell, Boren, Laney & Neely, Charles G. Purnell and Joe H. Staley, Jr., Dallas, Brown, Herman, Scott, Dean & Miles, William M. Brown, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Arthur R. Petersen, Asst. City Atty., Fort Worth, for appellee.

Law, Snakard, Brown & Gambill, Terry Gardner, Fort Worth, for intervenor, Tom Purvis et al.

Tim C. Curry, Dist. Atty., Gerald Summerford, Asst. Dist. Atty., Forth Worth, for intervenor, County of Tarrant.

REAVLEY, Justice.

Upon petition of the City of Fort Worth the 48th District Court of Tarrant County

enjoined the Texas Turnpike Authority from proceeding with a study of the feasibility of enlarging the Dallas-Fort Worth Turnpike and from expending any funds for that purpose as authorized by Resolution No. 500 passed by the Board of Directors of the Turnpike Authority on May 26, 1976. The Turnpike Authority brings this direct appeal pursuant to Art. 1738a, Vernon's Ann.Civ.Stat., and Rule of Civil Procedure 499a.

■ The underlying contest has been whether the Dallas-Fort Worth Turnpike should be turned over to the State Highway and Public Transportation Commission and operated toll free henceforth, or whether enlargements and improvements should be made by the Turnpike Authority through a new bond issue to be paid by tolls for an extended period. This contest has been resolved by the Legislature during the pendency of this appeal. Acts 65th Leg., S.B. 194. The date of the transfer will be December 31, 1977; and the details of the transfer are prescribed. The Board of Directors of the Texas Turnpike Authority on June 1, 1977 by Resolution No. 531 recited the Act of the Legislature as rendering unnecessary further study of the feasibility of improvements to the Turnpike and resolved that Resolution No. 500 would not be pursued after May 3, 1977 (the effective date of the new legislation). While this action renders moot most issues between the parties, it leaves open the question of the validity of Resolution No. 500 prior to May 3, 1977. The trial court has held Resolution No. 500 to be wholly void and has enjoined the Turnpike Authority from doing any act, including the payment for services received, thereunder.

The trial court based its judgment upon the inadequacy of the notice given in advance of the meeting at which Resolution No. 500 was passed and upon this Resolution being a breach of prior contractual agreements with the City of Fort Worth and Tarrant County.

■ Section 3A of Art. 6252–17, Vernon's Ann.Civ.Stat. (The Texas Open Meeting Act) requires at least 72 hours advance posting of notice, by the Secretary of State in the case of a State governmental body, of the time and place "and subject of each meeting." The Turnpike Authority duly posted notice of its May 26, 1976 meeting. The notice listed all of the agenda items of that meeting, which included:

> Consider request of County of Dallas, City of Grand Prairie, Dallas Central Highway Committee, Dallas Chamber of Commerce, and Grand Prairie Chamber of Commerce to determine feasibility of a bond issue to expand and enlarge the Dallas-Fort Worth Turnpike . . . .

The City of Fort Worth contends that since prior resolutions of the Turnpike Authority had declared the intention of the Authority to transfer the Turnpike as a free road under State Highway operation as soon as the existing bonds were paid, it was necessary that the notice specifically state that consideration would be given to the study of a course of action at variance with prior declaration of intention. This contention is not upheld. There is no necessity to post copies of proposed resolutions or to state all of the consequences which may necessarily flow from the consideration of the subject stated. The notice complied with the statute. See *Lower Colorado Riv. Auth. v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975).

■ In 1964 the City of Fort Worth, Tarrant County, Texas Highway Department and Texas Turnpike Authority entered into an agreement whereby the western terminus of the Turnpike was changed to be a free road for access to downtown Fort Worth from Oakland Boulevard. To compensate the Turnpike Authority for loss of toll income, and to satisfy the Trust Indenture for its bondholders, the City of Fort Worth and Tarrant County delivered a total of $2 million to the Authority. There was no obligation to return or repay any part of this money to the City or County. In subsequent dealings and resolutions the Turnpike Authority has promised to pay to them the balance in a special trust fund, originally created with money received from them,

when the outstanding bonds are fully paid. We find no binding commitment by the Turnpike Authority to terminate the operation of the Turnpike at the same time.

It is true that the Board of Directors as late as May 2, 1975, resolved to make no more capital improvements and to transfer the Turnpike when the existing bonded indebtedness was paid. This intention may or may not have been changed if the circumstances and feasibility study justified that change. Under the original statute, Art. 6674v, Sec. 10, Vernon's Rev.Civ.Stat., decisions as to the improvement or enlargement of the Turnpike were the official responsibility of the Board of Directors of the Turnpike Authority.

The record discloses that Texas Turnpike Authority was entitled to the summary judgment which it sought. The judgment of the trial court is reversed and the injunction dissolved. Judgment is here rendered that the City of Fort Worth and all Intervenors take nothing by this suit against Texas Turnpike Authority. No motion for rehearing will be entertained.