

# THE ATTORNEY GENERAL
## OF TEXAS

December 29, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Pablo Avila
Zavala County Attorney
Zavala County Courthouse
Crystal City, Texas    78839

Opinion No.   JM-599

Re:  Validity  of  Zavala  County
personnel policy concerning salary
of new employees

Dear Mr. Avila:

You request advice on a provision of the <u>1984 Zavala County Personnel and Operating Policies</u> adopted by the Commissioners Court of Zavala County at their January 9, 1984 meeting.  The <u>Personnel and Operating Policies</u> is a five-page document which includes provisions on working conditions of county employees such as sick leave, annual leave, holidays, and travel expenses.  It also covers purchasing and budgeting procedures, vehicle and equipment repair and other county operating policies.  You question the validity of the underlined provision on new employees:

> NEW EMPLOYEES:  No vacancy in any department may <u>be filled without prior Commissioners' Court approval.  Any new/replacement employee hired during year salary to be $1,000 less than regular employee with a $1,000 increase in salary after six (6) months employment.</u>  (Emphasis added).

We understand this policy to require new or replacement employees to work for six months before achieving the salary level of existing county employees in the same position.

You first suggest that the commissioners court did not give adequate notice that its meeting would consider the above provision and, therefore, the provision was adopted in violation of the Open Meetings Act, article 6252-17, V.T.C.S.  Section 3A of the Open Meetings Act requires that written notice be given of the subject of each meeting held by a governmental body.  Actions taken by a governmental body on a matter not stated in the notice are subject to judicial invalidation.  V.T.C.S. art. 6252-17, §3A(a); <u>Lower Colorado River Authority v. City of San Marcos</u>, 523 S.W.2d 641, 646 (Tex. 1975).

The agenda posted to give notice of the January 9, 1984 meeting includes the following item, under which the commissioners court adopted the Personnel and Operating Policies which included the provision on new employees:

> 9. Adoption of 1984 County Personnel Policy and County Holidays.

Notice of a public meeting should "alert a reader to the fact that some action would be considered" with respect to the subject in question. Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 646 (Tex. 1975). The courts have also said that the notice provisions of the Open Meetings Act are subject to substantial compliance. See, e.g., Coates v. Windham, 613 S.W.2d 572, 577 (Tex. Civ. App. - Austin 1981, no writ); McConnell v. Alamo Heights Independent School District, 576 S.W.2d 470 (Tex. Civ. App. - San Antonio 1978, writ ref'd n.r.e.); Stelzer v. Huddleston, 526 S.W.2d 710 (Tex. Civ. App. - Tyler 1975, writ dism'd); see also Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, 706 S.W.2d 956 (Tex. 1986). The Supreme Court has recently made the following statement on substantial compliance:

> We have held that general notice in certain cases is substantial compliance even though the notice is not as specific as it could be. See Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1977), and Texas Turnpike Authority v. City of Fort Worth, 554 S.W.2d 675 (Tex. 1977). However, less than full disclosure is not substantial compliance. Our prior judgments should have served as notice to all public bodies that the Open Meetings Act requires a full disclosure of the subject matter of the meetings. The Act is intended to safeguard the public's interest in knowing the workings of its governmental bodies. (Emphasis added).

Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, supra. See also Texas Turnpike Authority v. City of Fort Worth, 554 S.W.2d 675 (Tex. 1977) (it is unnecessary to post copies of proposed resolutions or to state all of consequences which may flow from consideration of subject).

Whether a governmental body has substantially complied with the notice provisions of the Open Meetings Act requires an application of the law to the facts of the particular case. We have set out the legal standards pertaining to notice, but have not been provided with enough information to answer your question definitively. We cannot

investigate and resolve fact questions in the opinion process, and accordingly, do not answer your first question.

Assuming that the provision on new employees' salaries was adopted in substantial compliance with the notice requirements of the Open Meetings Act, you ask whether the commissioners court has authority to enact and implement this policy. Article 3912k, V.T.C.S., provides as follows:

> Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.
>
> . . . .
>
> Sec. 2. (a) The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing and adoption proceedings on giving notice as provided by this Act.

Attorney General Opinion H-11 (1973) determined that the commissioners court had authority under article 3912k, V.T.C.S., to amend its budget to increase employees' salaries at any time of the year, without going through the budgeting procedures required by article 689a-11, V.T.C.S. This article provides in part:

> When the budget has been finally approved by the Commissioners' Court . . . no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. (Emphasis added).

V.T.C.S. art. 689a-11. Article 3912k, section 1, V.T.C.S., provides an implied exception to article 689a-11 for the fixing of non-elected employees' salaries. Attorney General Opinion H-11 (1973). Thus, we

Honorable Pablo Avila - Page 4   (JM-599)

need not consider whether article 689a-11, V.T.C.S., even applies to actions by the commissioners court which reduce expenditures from the county budget. See V.T.C.S. art. 689a-20; Rains v. Mercantile National Bank, 188 S.W.2d 798 (Tex. Civ. App. - El Paso 1945), aff'd, 191 S.W.2d 850 (Tex. 1946). The commissioners court has authority under article 3912k, V.T.C.S., to reduce the compensation of new or replacement employees as long as the salaries are set no lower than they were on the January 1, 1972 effective date of the statute. V.T.C.S. art. 3912k, §1. See Attorney General Opinion H-39 (1973).

You finally ask whether the county policy, assuming that the county had authority to adopt it, can be applied to a deputy district clerk appointed by the district clerk. The commissioners court has authority to fix the salaries of deputy clerks under article 3912k, section 1, V.T.C.S. See Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.). Article 3902, V.T.C.S., however, prohibits the commissioners court from influencing the selection of any person as a deputy clerk. Id.; see also Attorney General Opinions H-1113 (1978); H-697 (1975).

## S U M M A R Y

A commissioners court has authority under article 3912k, V.T.C.S., to decrease the salaries payable to new or replacement county employees at any time of the year, as long as the salaries are set no lower than they were on January 1, 1972.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General