

# THE ATTORNEY GENERAL
## OF TEXAS

November 3, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob McFarland
Chairman
Criminal Justice Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-1112

Re: Should notice of a school
board meeting to consider an
employee's grievance in execu-
tive session under section 2(g),
article 6252-17, V.T.C.S., state
the employee's name and subject
of grievance (RQ-1830)

Dear Senator McFarland:

You ask about the notice required by the Texas Open
Meetings Act, article 6252-17, V.T.C.S., for an executive
session meeting of a school board to consider the appeal of
an employee's grievance. By rule of the State Board of
Education, each public school district in the state must
adopt a written policy establishing a grievance procedure
for employees to present complaints concerning wages, hours,
or conditions of work. 19 T.A.C. § 61.232; see Educ. Code
§§ 11.24, 13.323. This procedure must allow a reasonable
opportunity for an appeal to the local board of trustees.
19 T.A.C. § 61.232(a)(3). The aggrieved party is given
written notice of the time and place of the hearing. Id.
§ 61.231(c)(2)(D). The board's hearing on the appeal of an
employee's grievance is subject to section 2(g) of the Open
Meetings Act, which provides as follows:

> Nothing in this Act shall be construed to
> require governmental bodies to hold meetings
> open to the public in cases involving the
> appointment, employment, evaluation, re-
> assignment, duties, discipline, or dismissal
> of a public officer or employee or to hear
> complaints or charges against such officer or
> employee, unless such officer or employee
> requests a public hearing.

V.T.C.S. art. 6252-17, § 2(g).

Section 3A of the Open Meetings Act requires the board
of trustees for the school district to give advance written

notice of the "date, hour, subject, and place" of its meetings. Id. § 3A(a). The notice must specifically disclose the subjects to be considered at the upcoming meeting, including subjects slated for discussion in executive session. Cox Enterprises v. Board of Trustees of Austin Indep. School Dist., 706 S.W.2d 956 (Tex. 1986); Attorney General Opinion H-1045 (1977).

You inform us that the Arlington Independent School District states notice for an employee grievance as follows:

Grievance of (name of employee).

Some associations of school district employees suggest that the notice should not identify the employee by name, because naming the employee "creates a chilling effect which discourages employees from bringing forward their appeal to the board of trustees." They suggest that the written notice of the subject matter should state only the title of the employee, for example:

Grievance of teacher.

It has also been suggested the written notice of the subject matter should include the subject matter of the grievance, for example:

Grievance of (name or title of employee) relating to appeal of a written reprimand.

You ask us how specific the notice of an executive session must be under the circumstances you have described, in particular, whether the notice must contain the name of the aggrieved employee and the specific nature of the grievance.

We will first deal with the suggestion that inclusion of the employee's name in the notice creates a "chilling effect." You do not identify any statute or constitutional provision that would prevent a governmental body from identifying the employee in the notice.[1]    A brief submitted

---

1.    The "chilling effect" refers to statutes that "chill" First Amendment free speech rights because they are vague or overbroad. 1 Levy, Karst, Mahoney, Encyclopedia of the American Constitution, Chilling Effect, at 249.

on behalf of a teachers' association argues that protection of the individual employee's privacy is at issue here.

In addressing these concerns, we observe that an employee does not achieve permanent confidentiality for his grievance by keeping his name out of the notice. In appealing a grievance he runs the risk that the public will learn about his grievance, since any "final action, decision, or vote" by the school board on the grievance would have to be made in open session. V.T.C.S. art. 6252-17, § 2(l). Thus, excluding an employee's name from the posted notice would guarantee only a 72-hour delay in the time at which information about his grievance became public. Id. § 3A(h) (notice must be posted for at least 72 hours before a meeting). Any embarrassment the employee might feel at having other people know that he has a problem related to his job would only be delayed, not avoided.[2] It is difficult to see how excluding his name from the notice would prevent the "chilling effect" you refer to.

Nor does excluding an employee's name from the notice prevent members of the school board from knowing about his grievance before the meeting at which they will hear the appeal. See, e.g., Attorney General Opinions JM-119 (1983) (trustee of school district has access to all district records needed in his official capacity); H-436 (1974) (documents supporting agenda of regents meeting are distributed to regents before meeting). Thus, the "chilling effect" you refer to does not result from the board's knowledge of the appeal.

The purpose of the notice is to inform the "general public" of the meeting. V.T.C.S. art. 6252-17, § 3A(h). The general public in this case might include other school district employees, parents of school children in the district, and possibly members of the media. If the name of the aggrieved employee is included in the notice, more people might attend the meeting to learn how the board ruled

---

2. According to testimony in Hubert v. Harte-Hanks Texas Newspapers, 652 S.W.2d 546, 554 n.2 (Tex. App. - Austin 1988, writ ref'd n.r.e.), a candidate for the presidency of Texas A & M University wanted confidential treatment for his candidacy because his present employers were likely to wonder why he was unhappy working for them. If he was not chosen for the presidency, they would wonder what was wrong with him.

on the grievance, and media attention could be drawn to the employee and his dispute with the school district.  These consequences of naming the employee in the notice would in fact help achieve the purpose of the Open Meetings Act,  "to safeguard the public's interest in knowing the workings of its governmental bodies." Cox Enterprises, supra, at 960.

Judicial decisions on grievances and related matters suggest that a school district employee has no constitutional right to confidential handling of his grievance. A school district did not deprive two non-contractual employees of a constitutional or statutory right when it refused them a hearing before the board of trustees to complain of the superintendent's denial of their employment grievances.  Corpus Christi Indep. School Dist. v. Padilla, 709 S.W.2d 700 (Tex. App. - Corpus Christi 1986, no writ).  The employees alleged that the district's refusal of a hearing "chilled and violated their first amendment right to freedom of expression and denied them equal protection of the laws." Id. at 705.  The court pointed out that time was allotted at every regular meeting of the board for an "open forum" at which any person could address the board about any matter, and that this opportunity to address the board gave adequate protection to their constitutional rights.

In considering whether information about workmen's compensation claims was available to an association of employers under the Open Records Act, the Supreme Court of Texas stated as follows:

> Even though a workman's knowledge that information concerning his claim will be available for public inspection may deter him from exercising his statutory right to file a claim, the general availability of such information would not adversely affect any right thus far recognized to be within a constitutionally protected zone of privacy.

Industrial Found. of the South v. Texas Indus. Accident Bd., 540 S.W.2d 668, 681 (Tex. 1976), cert. denied, 430 U.S. 930 (1977).  We believe this discussion also applies to the "chilling effect" you assert.

Decisions of the courts and this office under the Open Records Act have considered whether various items of information about public employees comprise "information deemed confidential" by a constitutional or common-law right of privacy or "information in personnel files, the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." V.T.C.S. art. 6252-17a, § 3(a)(1), (a)(2). The following items of information have been found not to be private information under these standards: letters of reprimand sent to public employees; basic facts about citizen complaints against law enforcement officers, including the officer's name and the nature and disposition of the complaint; the names of school teachers who have not passed the TECAT exam; and details of a complaint of employment discrimination against a city filed with the city human rights commission. Attorney General Opinion MW-372 (1981); Open Records Decision Nos. 484 (1987); 441 (1986); 155 (1977). These items of information, like a notice that the school board will hear the grievance of a named employee, reveal that someone has complained about the public employee, or that the public employee has a complaint against his employer. The fact that a public employee has a grievance against his employer is not private information.

Some early open records decisions of our office appear to support a contrary conclusion. These opinions were based on a particular method of construing the Open Records Act and the Open Meetings Act in harmony. See Open Records Decision Nos. 82, 68 (1975). Open Records Decision No. 60 (1974) considered whether information in school board minutes on the hiring, compensation, discipline, and dismissal of employees was subject to disclosure under the Open Records Act. The opinion determined that the public policy embodied in the Open Meetings Act permits non-disclosure of the parts of the minutes recording executive session discussion of these matters. It found them confidential under sections 3(a)(1) and 3(a)(2) of the Open Records Act. Open Records Decision No. 68 (1975) held that an employee's letter of resignation submitted at an executive session meeting of a school board was excepted from public disclosure by sections 3(a)(1) and 3(a)(2). Open Records Decision No. 103 (1975) accorded confidentiality to the name of a school district employee when the board discussed him in executive session but took no action. See also Open Records Decision No. 159 (1977) (overruled by Open Records Decision No. 485 (1987)).

These decisions are characterized by an expansive notion of employee privacy. Moreover, they treat section 2(g) of the Open Meetings Act as if it were a statute that deemed information "confidential by law" within section 3(a)(1) of the Open Records Act. These constructions have been rejected by subsequent decisions of the courts and this office. Open Records Decision No. 485 pointed out that section 3(a)(2) of the Open Records Act applies only to

information about  an employee  that is  highly intimate  or embarrassing, such that a reasonable person would object  to its release, and  that is  of no legitimate  concern to  the public.  <u>Hubert v. Harte-Hanks Texas Newspapers</u>, 652  S.W.2d 546 (Tex. App.  - Austin 1983, writ  ref'd n.r.e.)  (citing <u>Industrial Found. of the South v. Texas Indus. Accident Bd.</u>, 540 S.W.2d 668, 683-85 (Tex. 1976)); <u>see also</u> Open  Records Decision Nos. 260  (1980); 168 (1977).   Thus, Open  Records Decision No. 485 concluded  that the "standard for  applying section 3(a)(2) clearly does not justify the conclusion that <u>any</u> report concerning a  public employee which is  discussed in an executive  session necessarily may  be withheld  under section 3(a)(2)."   Open Records  Decision No.  485, at  9. The standard for  determining whether personnel  information is confidential under sections 3(a)(1) and 3(a)(2) stated in Open Records Decisions  Nos. 60,  68, 82, and  103 has  been rejected.  These decisions  do not state  the law  correctly and should not be followed.

Open Records  Decision  No.  485 also  dealt  with  the question of harmonizing  the Open Records  Act and the  Open Meetings Act.   In  rejecting  the argument  that  a  report considered in an executive session was exempted from  public disclosure by section  2(g) of the  Open Meetings Act,  Open Records Decision No. 485 stated as follows:

> The implication of  your argument is  that any document, regardless of its contents  and regardless of whether  it would otherwise  be available  to  the  public,  is  perpetually 'confidential' within section  3(a)(1) if  it is ever  considered in  an executive  session of the  governmental  body  which  prepared or maintains  it.  We  cannot  accept  this conclusion.  Section  14(d)  of  the  Open Records Act provides  that the act  is to  be liberally  construed  in  favor  of  granting requests  for  information.  Our  courts, moreover, have held that close judgment calls are to be resolved in favor of public  access to information.  <u>Hubert v. Harte-Hanks  Texas Newspapers, Inc.</u> . . . at 552.  An  interpre- tation of the two statutes which would effec- tively place beyond the  reach of the  public any  document  discussed  in  an  executive session of a  governmental body would  hardly be  in  keeping  with  these  statutory  and judicial mandates.

Id. at 9-10.  The fact that an employee's grievance is to be discussed in an executive session does not make the employee's name confidential.  A school district ordinarily should include the employee's name in the posted notice of the meeting.

You also ask whether the Open Meetings Act requires identification of the aggrieved employee by name and the subject matter of the appeal.  The court in Cox Enterprises, supra, discussed the notice requirement as follows:

> We have held that general notice in certain cases is substantial compliance even though the notice is not as specific as it could be.  See Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975), and Texas Turnpike Authority v. City of Fort Worth, 554 S.W.2d 675 (Tex. 1977). However, less than full disclosure is not substantial compliance.  Our prior judgments should have served as notice to all public bodies that the Open Meetings Act requires a full disclosure of the subject matter of the meetings.  The Act is intended to safeguard the public's interest in knowing the workings of its governmental bodies. A public body's willingness to comply with the Open Meetings Act should be such that the citizens of Texas will not be compelled to resort to the courts to assure that a public body has complied with its statutory duty.

Id. at 959-60.

Notice of a school board meeting should fully disclose the subject matter of the meeting, including any consideration of an employee's grievance.  The information necessary in a given case to disclose this subject fully to the public depends on the facts and circumstances relevant to that case.  We cannot give you a formula stating the exact information that must be included in the notice.  Ordinarily, the employee's name should be included in the notice.

This office is not in the best position to know what information will alert the public to the subject matter of a meeting.  When in doubt as to the contents of the notice, we advise the school district to err on the side of including information.

## S U M M A R Y

The notice of a school board meeting at which the board will hear the appeal of an employee grievance in executive session should fully disclose the subject matter of the meeting. The notice about the grievance ordinarily should include the name of the employee who is pursuing the grievance. We cannot state what items of information the notice should include in a given case, but we advise you to err on the side of including information. Open Records Decision Nos. 60 (1974), 68, 82, and 103 (1975) do not apply the correct standard for determining whether personnel information is confidential under the Open Records Act and should not be followed.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General