Honorable Bob McFarland Chairman Criminal Justice Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Should notice of a school board meeting to consider an employee's grievance in executive session under section 2(g), article 6252-17, V.T.C.S., state the employee's name and subject of grievance (RQ-1830)
Dear Senator McFarland:
You ask about the notice required by the Texas Open Meetings Act, article 6252-17, V.T.C.S., for an executive session meeting of a school board to consider the appeal of an employee's grievance. By rule of the State Board of Education, each public school district in the state must adopt a written policy establishing a grievance procedure for employees to present complaints concerning wages, hours, or conditions of work. 19 T.A.C. s 61.232; see Educ. Code §§ 11.24, 13.323. This procedure must allow a reasonable opportunity for an appeal to the local board of trustees. 19 T.A.C. § 61.232(a)(3). The aggrieved party is given written notice of the time and place of the hearing. Id. s 61.231(c)(2)(D). The board's hearing on the appeal of an employee's grievance is subject to section 2(g) of the Open Meetings Act, which provides as follows:
 Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.
V.T.C.S. art. 6252-17, § 2(g).
Section 3A of the Open Meetings Act requires the board of trustees for the school district to give advance written notice of the "date, hour, subject, and place" of its meetings. Id. s 3A(a). The notice must specifically disclose the subjects to be considered at the upcoming meeting, including subjects slated for discussion in executive session. Cox Enterprises v. Board of Trustees of Austin Indep. School Dist., 706 S.W.2d 956 (Tex. 1986); Attorney General Opinion H-1045 (1977).
You inform us that the Arlington Independent School District states notice for an employee grievance as follows:
Grievance of (name of employee).
 Some associations of school district employees suggest that the notice should not identify the employee by name, because naming the employee "creates a chilling effect which discourages employees from bringing forward their appeal to the board of trustees." They suggest that the written notice of the subject matter should state only the title of the employee, for example:
Grievance of teacher.
 It has also been suggested the written notice of the subject matter should include the subject matter of the grievance, for example:
 Grievance of (name or title of employee) relating to appeal of a written reprimand.
You ask us how specific the notice of an executive session must be under the circumstances you have described, in particular, whether the notice must contain the name of the aggrieved employee and the specific nature of the grievance.
We will first deal with the suggestion that inclusion of the employee's name in the notice creates a "chilling effect." You do not identify any statute or constitutional provision that would prevent a governmental body from identifying the employee in the notice.[1] A brief submitted on behalf of a teachers' association argues that protection of the individual employee's privacy is at issue here.
In addressing these concerns, we observe that an employee does not achieve permanent confidentiality for his grievance by keeping his name out of the notice. In appealing a grievance he runs the risk that the public will learn about his grievance, since any "final action, decision, or vote" by the school board on the grievance would have to be made in open session. V.T.C.S. art. 6252-17, § 2(1). Thus, excluding an employee's name from the posted notice would guarantee only a 72-hour delay in the time at which information about his grievance became public. Id. § 3A(h) (notice must be posted for at least 72 hours before a meeting). Any embarrassment the employee might feel at having other people know that he has a problem related to his job would only be delayed, not avoided.[2] It is difficult to see how excluding his name from the notice would prevent the "chilling effect" you refer to.
Nor does excluding an employee's name from the notice prevent members of the school board from knowing about his grievance before the meeting at which they will hear the appeal. See, e.g., Attorney General Opinions JM-119 (1983) (trustee of school district has access to all district records needed in his official capacity); H-436 (1974) (documents supporting agenda of regents meeting are distributed to regents before meeting). Thus, the "chilling effect" you refer to does not result from the board's knowledge of the appeal.
The purpose of the notice is to inform the "general public" of the meeting. V.T.C.S. art. 6252-17, § 3A(h). The general public in this case might include other school district employees, parents of school children in the district, and possibly members of the media. If the name of the aggrieved employee is included in the notice, more people might attend the meeting to learn how the board ruled on the grievance, and media attention could be drawn to the employee and his dispute with the school district. These consequences of naming the employee in the notice would in fact help achieve the purpose of the Open Meetings Act, "to safeguard the public's interest in knowing the workings of its governmental bodies." Cox Enterprises, supra, at 960.
Judicial decisions on grievances and related matters suggest that a school district employee has no constitutional right to confidential handling of his grievance. A school district did not deprive two non-contractual employees of a constitutional or statutory right when it refused them a hearing before the board of trustees to complain of the superintendent's denial of their employment grievances. Corpus Christi Indep. School Dist. v. Padilla, 709 S.W.2d 700 (Tex.App.-Corpus Christi 1986, no writ). The employees alleged that the district's refusal of a hearing "chilled and violated their first amendment right to freedom of expression and denied them equal protection of the laws." Id. at 705. The court pointed out that time was allotted at every regular meeting of the board for an "open forum" at which any person could address the board about any matter, and that this opportunity to address the board gave adequate protection to their constitutional rights.
In considering whether information about workmen's compensation claims was available to an association of employers under the Open Records Act, the Supreme Court of Texas stated as follows:
 Even though a workman's knowledge that information concerning his claim will be available for public inspection may deter him from exercising his statutory right to file a claim, the general availability of such information would not adversely affect any right thus far recognized to be within a constitutionally protected zone of privacy.
Industrial Found. of the South v. Texas Indus. Accident Bd.,540 S.W.2d 668, 681 (Tex. 1976), cert. denied, 430 U.S. 930 (1977). We believe this discussion also applies to the "chilling effect" you assert.
Decisions of the courts and this office under the Open Records Act have considered whether various items of information about public employees comprise "information deemed confidential" by a constitutional or common-law right of privacy or "information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." V.T.C.S. art. 6252-17a, § 3(a)(1), (a)(2). The following items of information have been found not to be private information under these standards: letters of reprimand sent to public employees; basic facts about citizen complaints against law enforcement officers, including the officer's name and the nature and disposition of the complaint; the names of school teachers who have not passed the TECAT exam; and details of a complaint of employment discrimination against a city filed with the city human rights commission. Attorney General Opinion MW-372 (1981); Open Records Decision Nos. 484 (1987); 441 (1986); 155 (1977). These items of information, like a notice that the school board will hear the grievance of a named employee, reveal that someone has complained about the public employee, or that the public employee has a complaint against his employer. The fact that a public employee has a grievance against his employer is not private information.
Some early open records decisions of our office appear to support a contrary conclusion. These opinions were based on a particular method of construing the Open Records Act and the Open Meetings Act in harmony. See Open Records Decision Nos. 82, 68 (1975). Open Records Decision No. 60 (1974) considered whether information in school board minutes on the hiring, compensation, discipline, and dismissal of employees was subject to disclosure under the Open Records Act. The opinion determined that the public policy embodied in the Open Meetings Act permits nondisclosure of the parts of the minutes recording executive session discussion of these matters. It found them confidential under sections 3(a)(1) and 3(a)(2) of the Open Records Act. Open Records Decision No. 68 (1975) held that an employee's letter of resignation submitted at an executive session meeting of a school board was excepted from public disclosure by sections 3(a)(1) and 3(a)(2). Open Records Decision No. 103 (1975) accorded confidentiality to the name of a school district employee when the board discussed him in executive session but took no action. See also Open Records Decision No. 159 (1977) (overruled by Open Records Decision No. 485 (1987)).
These decisions are characterized by an expansive notion of employee privacy. Moreover, they treat section 2(g) of the Open Meetings Act as if it were a statute that deemed information "confidential by law" within section 3(a)(1) of the Open Records Act. These constructions have been rejected by subsequent decisions of the courts and this office. Open Records Decision No. 485 pointed out that section 3(a)(2) of the Open Records Act applies only to information about an employee that is highly intimate or embarrassing, such that a reasonable person would object to its release, and that is of no legitimate concern to the public. Hubert v. Harte-Hanks Texas Newspapers,652 S.W.2d 546 (Tex.App.-Austin 1983, writ ref'd n.r.e.) (citing Industrial Found. of the South v. Texas Indus. Accident Bd., 540 S.W.2d 668,683-85 (Tex. 1976)); see also Open Records Decision Nos. 260 (1980); 168 (1977). Thus, Open Records Decision No. 485 concluded that the "standard for applying section 3(a)(2) clearly does not justify the conclusion that any report concerning a public employee which is discussed in an executive session necessarily may be withheld under section 3(a)(2)." Open Records Decision No. 485, at 9. The standard for determining whether personnel information is confidential under sections 3(a)(1) and 3(a)(2) stated in Open Records Decisions Nos. 60, 68, 82, and 103 has been rejected. These decisions do not state the law correctly and should not be followed.
Open Records Decision No. 485 also dealt with the question of harmonizing the Open Records Act and the Open Meetings Act. In rejecting the argument that a report considered in an executive session was exempted from public disclosure by section 2(g) of the Open Meetings Act, Open Records Decision No. 485 stated as follows:
 The implication of your argument is that any document, regardless of its contents and regardless of whether it would otherwise be available to the public, is perpetually `confidential' within section 3(a)(1) if it is ever considered in an executive session of the governmental body which prepared or maintains it. We cannot accept this conclusion. Section 14(d) of the Open Records Act provides that the act is to be liberally construed in favor of granting requests for information. Our courts, moreover, have held that close judgment calls are to be resolved in favor of public access to information. Hubert v. Harte-Hanks Texas Newspapers, Inc. . . . at 552. An interpretation of the two statutes which would effectively place beyond the reach of the public any document discussed in an executive session of a governmental body would hardly be in keeping with these statutory and judicial mandates.
Id. at 9-10. The fact that an employee's grievance is to be discussed in an executive session does not make the employee's name confidential. A school district ordinarily should include the employee's name in the posted notice of the meeting.
You also ask whether the Open Meetings Act requires identification of the aggrieved employee by name and the subject matter of the appeal. The court in Cox Enterprises, supra, discussed the notice requirement as follows:
 We have held that general notice in certain cases is substantial compliance even though the notice is not as specific as it could be. See Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975), and Texas Turnpike Authority v. City of Fort Worth, 554 S.W.2d 675 (Tex. 1977). However, less than full disclosure is not substantial compliance. Our prior judgments should have served as notice to all public bodies that the Open Meetings Act requires a full disclosure of the subject matter of the meetings. The Act is intended to safeguard the public's interest in knowing the workings of its governmental bodies. A public body's willingness to comply with the Open Meetings Act should be such that the citizens of Texas will not be compelled to resort to the courts to assure that a public body has complied with its statutory duty.
Id. at 959-60.
Notice of a school board meeting should fully disclose the subject matter of the meeting, including any consideration of an employee's grievance. The information necessary in a given case to disclose this subject fully to the public depends on the facts and circumstances relevant to that case. We cannot give you a formula stating the exact information that must be included in the notice. Ordinarily, the employee's name should be included in the notice.
This office is not in the best position to know what information will alert the public to the subject matter of a meeting. When in doubt as to the contents of the notice, we advise the school district to err on the side of including information.
 SUMMARY
The notice of a school board meeting at which the board will hear the appeal of an employee grievance in executive session should fully disclose the subject matter of the meeting. The notice about the grievance ordinarily should include the name of the employee who is pursuing the grievance. We cannot state what items of information the notice should include in a given case, but we advise you to err on the side of including information. Open Records Decision Nos. 60 (1974), 68, 82, and 103 (1975) do not apply the correct standard for determining whether personnel information is confidential under the Open Records Act and should not be followed.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General
[1] The "chilling effect" refers to statutes that "chill" First Amendment free speech rights because they are vague or overbroad. 1 Levy, Karst, Mahoney, Encyclopedia of the American Constitution, Chilling Effect, at 249.
[2] According to testimony in Hubert v. Harte-Hanks Texas Newspapers, 652 S.W.2d 546, 554 n. 2 (Tex.App.-Augin 1988, writ ref'd n.r.e.), a candidate for the presidency of Texas A M University wanted confidential treatment for his candidacy because his present employers were likely to wonder why he was unhappy working for them. If he was not chosen for the presidency, they would wonder what was wrong with him.