**Dr. N. Jay ROGERS, Appellant,**

v.

**STATE BOARD OF OPTOMETRY et al., Appellees.**

No. 5636.

Court of Civil Appeals of Texas, Eastland.

July 23, 1981.

Pike Powers, Fulbright & Jaworski, Austin, John W. Clark, Jr., Turner, Hitchins, McInerney, Webb & Hartnett, Douglas S. Lang, Gardere, Wynne, Jaffe & DeHay, Dallas, for appellant.

Eva King Loutzenhiser, Asst. Atty. Gen., Austin, for appellees.

RALEIGH BROWN, Justice.

This is a case of statutory interpretation of the Texas Open Meetings Act, Tex.Rev. Civ.Stat.Ann. art. 6252–17 (Vernon Supp. 1980–1981). Dr. N. Jay Rogers, a member of the State Board of Optometry, sought mandamus or injunctive relief against the State Board of Optometry and its other individual members[1] for alleged violations of the Act. The trial court denied the relief sought. Dr. Rogers appeals. We affirm.

Bernard Rogers, a duly licensed optometrist, had his license suspended for a thirty-day period by the Optometry Board. He

---

1.
John W. Davis, O.D.
512 Park Forest Shopping Center
Dallas, Texas 75234

Salvador S. Mora, O.D.
1017 San Bernardo
Laredo, Texas 78040

John B. Bowen, O.D.
3104 Indiana Avenue
Lubbock, Texas 79410

Paul T. Curry, O.D.
P.O. Box 26742
El Paso, Texas 79926

W. C. Treadwell, Jr., O.D.
501 West 15th Street
Austin, Texas 78701

Bernard Rogers, O.D.
1108A Valley View Center
Dallas, Texas

appealed such suspension to the District Court of Dallas County.[2]

At the request of Bernard Rogers, the Board included an item "the appearance of a licensee at his request," in the posted notices for its meeting on July 12, 1979. The licensee was Bernard Rogers. He had been informed that the Board would not reconsider any matters which were currently the subject matter of his appeal in the District Court. Regardless, Rogers attempted to discuss his suspension with the Board, and at the conclusion of his presentation, the Board, over the objection of Dr. N. J. Rogers' private attorney, voted to go into executive session under Section 2(e) of the Open Meetings Act. This section allows an agency to meet in executive session to discuss pending litigation with the agency's legal counsel.

The posted notice of the July 12 meeting made no mention or reference to an "executive" or "closed" session. Further, Dr. N. J. Rogers' motion that his personal attorneys be allowed to remain present during the executive session received no second and, therefore, the Board met in executive session without Dr. N. J. Rogers' attorneys being present. He contends that both matters contravene the provisions of the Texas Open Meetings Law.

The basic issues presented on appeal are (1) whether the Open Meetings Act requires a governmental body to list an executive session for the purpose of seeking its attorney's advice with respect to pending litigation as an agenda item and (2) whether a member of such a body has a constitutional right to private counsel at such an executive session.

■ The parties agree that substantial compliance with the act is the standard by which the Board's performance is to be measured. *McConnell v. Alamo Heights Independent School District*, 576 S.W.2d 470 (Tex.Civ.App.—San Antonio 1978, no writ); *Santos v. Guerra*, 570 S.W.2d 437 (Tex.Civ.

App.—San Antonio 1978, writ ref'd n. r. e.); *Burton v. Ferrill*, 531 S.W.2d 197 (Tex.Civ. App.—Eastland 1975, writ dism'd).

The court in *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273 (1951) stated rules to be applied in construing a statute:

It is of primary importance in construing a statute to ascertain the purpose for which the statute was enacted.

\*      \*      \*      \*      \*      \*

The fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof. This Court has repeatedly held that the intention of the Legislature in enacting a law is the law itself; and hence the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify, or thwart it. 39 Tex.Jur., pp. 166, 167, § 90; 50 Amer.Jur., p. 200, § 223; 59 C.J., p. 948, § 568.

*Calvert v. British-American Oil Producing Company*, 397 S.W.2d 839 (Tex.1965). Section 2(a) of the Act provides:

Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special, or called meeting or session of every governmental body shall be open to the public; and no closed or executive meeting or session of any governmental body for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held unless the governmental body has first been convened in open meeting or session for which notice has been given as hereinafter provided and during which open meeting or session the presiding officer has publicly announced that a closed or executive meeting or session will be held and identified the section or sections under this Act

---

2. That court affirmed the order of the Board. The Dallas Court of Civil Appeals reversed and rendered that decision on August 13, 1980, setting aside the suspension of Bernard Rogers.

*Bernard Rogers, O.D. v. Texas Optometry Board*, 609 S.W.2d 248 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.).

authorizing the holding of such closed or executive session.

Clearly and unambiguously, the statute requires for a "closed" or "executive" meeting: (1) a governmental body first convened in open meeting for which proper notice has been given; (2) during the open session, the presiding officer publicly announces that (a) an executive session will be held and (b) identifies the section or sections of the act authorizing the executive session.

■ The trial court's findings of fact include a finding of each of the statutory elements, and such findings are factually supported by the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Section 2(e) of the Act provides:

*Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation*, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of · Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act. (Emphasis ours)

Bernard Rogers had been placed on the agenda for the July 12 meeting at his request but had been specifically notified that the Board would not reconsider matters already on appeal. After an extended presentation on that day, Rogers requested the Board to drop the charges against him and "quash" its suspension order. It was at this point that as found by the trial court:

Dr. John Davis, Chairman of the Board, called an executive session to discuss Dr. Bernard Rogers' pending litigation with Carla Cox, the Assistant Attorney General representing the Board.

Rogers contends that Section 3A(a) and (h) of Article 6252–17 should be read together with Section 2(a) in circumstances as presented by the instant case. We disagree.

Section 3A(a) deals with the notice requirements for an open meeting. It requires written notice of the date, hour, place, and subject of each open meeting prior to the meeting taking place. Action taken at a meeting without such notice is void. Section 3A(h) provides a general premeeting notice time of 72 hours, with State Boards being required to post at least 7 days notice with the Secretary of State. It further provides in cases of emergency or urgent public necessity for a 2-hour premeeting notice. The 2-hour premeeting notice also suffices in instances where proper notice for a nonemergency meeting has already been given but an additional subject must be added.

■ We conclude that the legislature intended Section 3A(a) to be a general notice provision for open meetings, with Section 3A(h) providing for situations where the public good necessitated an emergency session or where an item of "urgent public necessity" came up after the regular meeting notice had been posted. An executive session called for the purpose of seeking an attorney's advice with respect to pending litigation is not such a meeting. It is private consultation between the governmental body and its attorney as authorized by Section 2(e).

■ We hold, therefore, that the written notice requirements of Section 3A of Article 6252–17 regarding open meetings have no application to an executive session called for the purpose of seeking an attorney's advice with respect to pending litigation and that there is no requirement in the Texas Open Meetings Act that requires the listing of such a session as an agenda item on the notice posted for an open meeting.

The trial court concluded:

12. Where an executive session has been held in substantial compliance with the provisions of the Open Meetings Act, mandamus will not lie against the Board under Section 3 of that Act.

13. Dr. N. Jay Rogers had no clear legal or constitutional right to have his private attorneys remain present with

him during an executive session of the Board.

\* \* \* \* \* \*

15. The Board did not abuse its discretion in excluding Dr. N. J. Rogers' private attorneys from the executive session.

16. Mandamus will not lie to compel the Board to perform discretionary acts.

■ Rogers challenges such conclusions in his points of error. We are, however, cited no authority in such points, nor are we apprised of what rights Rogers has lost or under what legal or constitutional provisions such rights were guaranteed. Therefore, these points are waived. *Highlands Insurance Company v. Baugh*, 605 S.W.2d 314 (Tex.Civ.App.—Eastland 1980, no writ); *Rayburn v. Giles*, 182 S.W.2d 9 (Tex.Civ. App.—San Antonio 1944, writ ref'd).

We have considered and overruled all points of error.

The judgment is affirmed.