OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 26, 1999

The Honorable Joe F. Grubbs
Ellis County and District Attorney
Ellis County Courthouse
Waxahachie, Texas 75165-3759

Opinion No. JC-0057

Re:  Notice requirements applicable to executive session held to allow a governmental body to consult with its attorney under section 551.071 of the Government Code   (RQ-1208)

Dear Mr. Grubbs:

You request advice about the "attorney consultation" provision in the Open Meetings Act, chapter 551 of the Government Code (the "Act"). You state that a complaint has been filed with your office alleging that the mayor, city council, city manager, and city attorney of Red Oak, Texas, have violated the act. You inform us that the complaint makes the following allegation:

> [O]n April 13, 1998, the Red Oak City Council went into an executive session to discuss an item that was not specifically listed on the Executive Session agenda. The City Council consulted with their attorney in such a closed session on a proposed fireworks ordinance. The proposed fireworks ordinance and its effect on recently annexed property was the subject of numerous threats of litigation. The fireworks ordinance was listed on the "regular" meeting agenda, but while the agenda did list an item for executive session, there was not a listing on the Executive Session agenda to consult with their attorney on this specific subject matter.

Letter from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Honorable Dan Morales, Attorney General (Oct. 7, 1998) (on file with Opinion Committee) [hereinafter "Request Letter of 10/7/98"].

We assume the complaint relates to a possible violation of section 551.144 of the Government Code, which prohibits a member of a governmental body from knowingly calling or aiding in calling a closed meeting that is not permitted by the Open Meetings Act or participating in a closed meeting that is not permitted by the Act. *See Tovar v. State*, 978 S.W.2d 584 (Tex. Crim. App. 1998) (en banc) (construing "knowingly" in section 551.144 of the Government Code). Of course, we cannot determine in a legal opinion whether or not any person has actually violated the Open Meetings Act. This determination requires the investigation and resolution of fact questions, which cannot be done in an attorney general opinion. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-98

(1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2; Tex. Att'y Gen. ORD-426 (1985). Moreover, "[i]n the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury . . . ." TEX. CONST. art. V, § 10. Finally, it is within your broad discretion as a prosecutor to determine whether and how to prosecute an alleged violation of the law. *See Meshell v. State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987) (en banc).

You ask the following question:

> Under the authority of the exception encompassed in Section 551.071 of the Texas Government Code, must a governing body post notice of an executive session, stating that the governing body will be consulting with their attorney, when such governing body wants to consult in private with their attorney, regarding an issue posted on the "regular" agenda?

Request Letter of 10/7/98 *supra*, at 1.

The Act requires a governmental body to give written notice of the date, hour, place, and subject of each meeting that it holds. TEX. GOV'T CODE ANN. § 551.041 (Vernon 1994). Your question relates to section 551.071 of the Government Code, which reads as follows:

> A governmental body may not conduct a private consultation with its attorney except:
>
> (1) when the governmental body seeks the advice of its attorney about:
>
> (A)   pending or contemplated litigation; or
>
> (B)   a settlement offer; or
>
> (2) on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with this chapter.

*Id.* § 551.071.

You suggest that a "private consultation" with an attorney is not a "meeting" within the Open Meetings Act, so that advance written notice is not required under the Open Meetings Act. You point out that, except for the attorney consultation exception, the provisions authorizing executive sessions use the words "open meetings" or "closed meetings." *See e.g.*, *id.* §§ 551.072 (closed

meeting to deliberate matters concerning real property); 551.074 (open meeting not required for personnel matters); 551.076 (open meeting not required to deliberate on deployment of security personnel or devices). You argue that the legislature, by this specific language, distinguished attorney consultations from other exceptions. In addition, you suggest that this interpretation is appropriate because the nature of an attorney's advice often requires that it be given in private, and the circumstances often dictate that such advice be given immediately to the governmental body, without having to wait for the item to be posted as an executive session item. If your reasoning is correct, a governmental body would be allowed to consult with its attorney at any time, without convening in a public meeting for that purpose and without having to provide written notice of the date, hour, place, and subject of the consultation.

The courts have not discussed the use of the word "consultation" instead of "closed meeting" to describe executive sessions under section 551.071, but they have made it clear that a consultation under this provision is a meeting subject to the requirements of the Open Meetings Act, including the notice requirement. *See Cox Enterprises, Inc. v. Board of Trustees*, 706 S.W.2d 956, 958-59 (Tex. 1986); *Lone Star Greyhound Park, Inc. v. Texas Racing Comm'n*, 863 S.W.2d 742, 746-47 (Tex. App.–Austin 1993, no writ); *see also* TEX. GOV'T CODE ANN. § 551.001(4) (Vernon 1994) (defining "meeting"). The wording of section 551.071 may reflect its purpose of protecting confidential communications between the governmental body and its attorney. *See* Tex. Att'y Gen. Op. Nos. MW-417 (1981) at 2; M-1261 (1972). Most of the executive session provisions relate to deliberations among members of the governmental body rather than consultations with a third party.

One case seems to support your view, but it has been overruled sub silentio by the Texas Supreme Court. The court in *Rogers v. State Board of Optometry*, 619 S.W.2d 603 (Tex. Civ. App.–Eastland 1981, no writ), appeared to distinguish between a "meeting" and a "private consultation between the governmental body and its attorney" as authorized by section 2(e) of former article 6252-17 of the Revised Civil Statutes, the predecessor of section 551.071 of the Government Code. The *Rogers* court held that the notice requirements for open meetings did not apply to an executive session called to seek an attorney's advice with respect to pending litigation and that the Open Meetings Act did not require such a session to be listed as an agenda item on the notice posted for an open meeting. *Rogers*, 619 S.W.2d at 606.

The Texas Supreme Court overruled *Rogers* sub silentio in *Cox Enterprises*. In *Cox Enterprises*, the court determined that executive sessions held under the predecessor of Government Code section 551.071, section 2(e) of article 6252-17 of the Revised Civil Statutes, are subject to the notice requirements of the Open Meetings Act, stating that "[a]n executive session, even if properly convened and closed to the public . . . , falls within the definition of 'meeting.'" *Cox Enterprises*, 706 S.W.2d at 958. Thus, a school board was required to post adequate notice that it would discuss "a major desegregation lawsuit," even though it held the discussion in an executive session. *Id.* at 959. The court stated that "a school board is not expected to disclose its litigation strategy, but it cannot totally conceal that a pending desegregation lawsuit will be discussed." *Id.* Accordingly, the Open Meetings Act requires a governmental body to give notice of the subject of its meetings, including an executive session consultation with its attorney. Of course, as we discuss

below, whether a particular notice item complies with the Open Meetings Act is a question of fact. *See* Tex. Att'y Gen. Op. No. JM-985 (1988) at 3.

If a governmental body truly needs to consult with its attorney on an emergency basis, the Open Meetings Act permits it to do so. In the event of an emergency or urgent public necessity, a governmental body may hold a meeting by posting two hours notice, which clearly identifies the emergency or urgent public necessity. The Open Meetings Act provides that an emergency or urgent public necessity exists only "if immediate action is required of a governmental body because of: (1) an imminent threat to public health and safety; or (2) a reasonably unforeseeable situation." TEX. GOV'T CODE ANN. § 551.045(b) (Vernon 1994).

Even if an actual emergency exists, the governmental body must "clearly identify" the reason for the emergency in the notice. *Id.* § 551.045(c); *Markowski v. City of Marlin*, 940 S.W.2d 720, 724 (Tex. App.–Waco 1997, writ denied); *Piazza v. City of Granger*, 909 S.W.2d 529, 533 (Tex. App.–Austin 1995, no writ). Attorney General Opinion JM-1037 determined that the two-hour notice given of an "emergency meeting" to discuss litigation filed against a city did not comply with the Open Meetings Act, based on the fact that the notice stated no reason for the emergency. The opinion also pointed out that the situation did not require "immediate action," because the city had more than 20 days in which to take action. Tex. Att'y Gen. Op. No. JM-1037 (1989) at 2-3; *see also Markowski*, 940 S.W.2d at 725 (facts justified emergency meeting to seek attorney's advice about litigation filed against the city; distinguishing Attorney General Opinion JM-1037).

Having concluded that an attorney consultation is a "meeting" subject to notice under the Open Meetings Act, we next address the notice requirement. You specifically ask whether the governing body must post "notice of an executive session, stating that the governing body will be consulting with their attorney," when it wants to consult in private with the attorney about an issue posted on the "regular agenda." Request Letter of 10/7/98 *supra*, at 1.

Whether a particular notice item complies with the Act generally requires the resolution of fact questions. *River Rd. Neighborhood Ass'n v. South Tex. Sports*, 720 S.W.2d 551, 557 (Tex. App.–San Antonio 1986, writ dism'd w.o.j.). Accordingly, we cannot advise you in an attorney general opinion whether or not the notice item in question complied with the Act. *See* Tex. Att'y Gen. Op. Nos. O-2911 (1940); DM-98 (1992) at 3. We can advise you of the standards stated by the courts and of the kinds of facts that may be relevant to the validity of a notice item.

The Act requires the notice to fully disclose the subject matter of a meeting to the members of the interested public. *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991); *Cox Enterprises*, 706 S.W.2d at 960. More specific notice is required for subjects of special interest to the public than for routine matters. *Id.* at 959; *see also Port Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176 (Tex. App.–Corpus Christi 1990, writ denied). For example, in the case you inquire about, the degree of public interest in the proposed fireworks ordinance would be relevant to determining whether notice was adequate. The governmental body's usual practice in formulating notice may also be relevant to its adequacy in a particular case, depending on whether

it establishes particular expectations in the public about the subject matter of the meeting. *River Rd.*, 720 S.W.2d at 557.

An issue about the City of Red Oak's usual practice in formulating notice of city council meetings is raised by notice you describe. You write that the fireworks ordinance was listed on the "regular" meeting agenda, but there was no listing on the "executive" session agenda for the council to consult with the city attorney on this specific subject matter. *See* Request Letter of 10/7/98 *supra*, at 1. The distinction you suggest between a "regular" and "executive" agenda relates to a common practice of governmental bodies in preparing notice of their meetings and not to an express requirement of the Open Meetings Act. Neither the Open Meetings Act nor cases interpreting it require the notice to state that a particular subject will be discussed in executive session rather than in open meeting. *See* Tex. Att'y Gen. LO-90-27. Rather, section 551.041 requires notice of the subject matter to be considered at a meeting of a governmental body.

Nonetheless, some governmental bodies indicate in their notice which items will be discussed in open session and which may be discussed in closed or executive session. *See, e.g., Cox Enterprises*, 706 S.W.2d at 957. When the notices posted for a governmental body's meetings consistently distinguish between subjects for public deliberation and subjects for executive session deliberation, an abrupt departure from this practice may deceive the public and thereby render the notice inadequate. In *River Road*, the court described the notice of a school board meeting as deceptive because of its departure from the board's customary description of an item set for board action. The school board held five emergency meetings to discuss the Alamo Stadium lease, four of which were preceded by notice describing the meeting's purpose as "discussion/action." The notice of the fifth meeting limited its purpose to "discussion," a description well-understood in the community to mean that no action would be taken, but the board acted to approve the lease at that meeting. The court held:

> Considering all of the facts and circumstances present in this case, it can only be concluded that the notice of the May 31 meeting, which described the purpose of the meeting only as "discussion," was deceptive because, in view of the well established custom and practice of the District, it did not alert the public to the fact that action might be taken.

*River Rd.*, 720 S.W.2d at 557. If a particular notice abruptly departs from a customary practice of distinguishing between the items to be discussed in open session and those to be discussed in closed or executive session, a question may arise as to its adequacy to inform the public of the subjects to be discussed at the meeting. Accordingly, facts about the city's usual practices in formulating the notice of Red Oak City Council meetings are relevant to determining whether or not the notice item on the fireworks ordinance complied with the Open Meetings Act.

## S U M M A R Y

The Open Meetings Act requires a governmental body to give notice of the subject of its meetings. A governmental body's consultation with its attorney held in closed session is not exempt from the requirements of the Act. No judicial decision or attorney general opinion states that a governmental body must indicate in the notice of the meeting whether a subject will be discussed in open or closed session. However, if the notices posted for a governmental body's meetings consistently distinguish between subjects for public deliberation and subjects for executive session deliberation, an abrupt departure from this practice may raise a question as to the adequacy of a notice to inform the public.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General