ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 30, 2006

The Honorable Allan Ritter
Chair, Committee on Economic Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0477

Re: Whether the Open Meetings Act requires specific notice of a non-binding vote on a "personal endorsement" motion (RQ-0477-GA)

Dear Representative Ritter:

You ask about the notice required by the Open Meetings Act, Government Code chapter 551 (the "Act"). *See* TEX. GOV'T CODE ANN. §§ 551.001–.146 (Vernon 2004 & Supp. 2006). You first ask whether "a non-binding vote on a ceremonial 'personal endorsement' motion taken during the open session of a City Council meeting [must] be specifically noticed at least seventy-two hours prior to the meeting in order to fully comply with the . . . Act."[1] A letter from the city's mayor states that the posted notice for the city council meeting listed "Discussion and Possible Action on Mayor's Report."[2] At the meeting, the mayor announced that he had appointed a committee to investigate the disclosure of city banking information. *See* Hill Letter, *supra* note 2, at 1. After the announcement, a city council member offered a personal endorsement motion in support of the mayor's action, which was approved by the city council. *See id.* It has been suggested that adoption of the motion violated the Act because it was not specifically mentioned in the posted notice. *Id.*

The Act requires a governmental body to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. § 551.041 (Vernon 2004). A local governmental body such as a city council must generally post the notice at least seventy-two hours before the scheduled time of the meeting. *See id.* § 551.043(a) (Vernon Supp. 2006). Notice is adequate when it alerts a reader that some action will be considered relative to a topic. *See Cox Enters., Inc. v. Bd. of Trs.*, 706 S.W.2d 956, 958 (Tex. 1986). And "[a]s long as a reader is alerted to the topic for consideration, it is not necessary to state [in the notice] all of the consequences which may flow from consideration of the topic." *Id.*; *see also Rettberg v. Tex.*

---

[1]Letter from Honorable Allan Ritter, Chair, Committee on Economic Development, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Apr. 10, 2006) (on file with the Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Honorable Roy W. Hill, Mayor, City of Fairfield, to Honorable Byron Cook, Texas House of Representatives, at 1 (Feb. 22, 2006) (on file with the Opinion Committee) [hereinafter Hill Letter].

*Dep't. of Health*, 873 S.W.2d 408, 411 (Tex. App.—Austin 1994, no writ) ("The fact that possible consequences [of discussion and evaluation of the board's executive secretary's duties] might include a change in job description, a raise in salary or even termination does not invalidate the action taken if the . . . notice was sufficient to alert the reader of the topic under consideration."). To determine if the notice adequately informs the public of the topic under consideration, a court will compare the content of the notice given and the action taken at the meeting. *See Markowski v. City of Marlin*, 940 S.W.2d 720, 726 (Tex. App.—Waco 1997, pet. denied). As part of that analysis, a court may consider the established notice-posting customs and practices of the governmental body. *See River Rd. Neighborhood Ass'n v. S. Tex. Sports*, 720 S.W.2d 551, 557 (Tex. App.—San Antonio 1986, writ dism'd) (holding that notice stating "discussion" did not alert the public that action would be taken, in light of district's well-established practice of stating "discussion/action" when action was contemplated and merely "discussion" when no action was taken). The notice must be more specific or detailed when the subject considered is of special or significant interest to the public. *See Markowski*, 940 S.W.2d at 726; *Rettberg*, 873 S.W.2d at 411. Whether the topic is of special or significant interest to the city residents is a question of fact. *See Gardner v. Herring*, 21 S.W.3d 767, 773–74 (Tex. App.—Amarillo 2000, no pet.). But "irrespective of whether the topic is of special or no interest, the Act still requires the governing body to make 'full disclosure of the subject matter of the meetings.'" *Id.* at 773.

Turning back to your question, a notice of the city council meeting must alert the public that some action will be considered with respect to the *topic* of the personal endorsement motion. *See Cox Enters., Inc.*, 706 S.W.2d at 958; *Gardner*, 21 S.W.3d at 773. As long as the notice alerts the public of the topic, the Act permits the notice to specifically state that a personal endorsement motion or resolution will be considered for adoption or vote but does not require the notice to do so unless the city's meeting notices routinely indicate when a motion or resolution will be adopted. *See Cox Enters., Inc.*, 706 S.W.2d at 958; *River Rd. Neighborhood Ass'n*, 720 S.W.2d at 557; *see also City of San Angelo v. Tex. Natural Res. Conservation Comm'n*, 92 S.W.3d 624, 630 (Tex. App.—Austin 2002, no pet.) ("We hold . . . that the Commission did not have to include additional language indicating that it might act on issues under consideration."). The posted notice "Discussion and Possible Action on Mayor's Report" would generally alert the public that the city council may vote on such a matter. But whether the posted notice would adequately alert the public of the topic of the endorsement—investigation of the disclosure of city banking information as we understand it—and whether more specificity was required because of the topic's significance to the city's residents are questions of fact. *See Gardner*, 21 S.W.3d at 773–74. The attorney general's office does not determine questions of fact in the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process).

You next ask: "If the City Council, at a subsequent meeting, re-adopts the non-binding, ceremonial 'personal endorsement,' after that motion has been specifically set forth on the agenda and posted . . . , does that revote 'cure' any [shortcomings] in the prior action[?]" Request Letter, *supra* note 1, at 1.

A court may void governmental actions taken in violation of the notice requirements of the Act. *See* TEX. GOV'T CODE ANN. § 551.141 (Vernon 2004); *Swate v. Medina Cmty. Hosp.*, 966

S.W.2d 693, 697–99 (Tex. App.—San Antonio 1998, pet. denied).  But such an invalid action can be ratified at a later, validly noticed meeting as long as there is no retroactive effect.  *Markowski*, 940 S.W.2d at 726.   Accordingly, in the event that the city council's adoption of the personal endorsement motion violated the Act's notice provisions, the city council may cure the invalid action by readopting the motion at a subsequent meeting after giving adequate notice of the motion.  In such an event, the motion would be effective only from the date of its readoption.

## S U M M A R Y

To comply with the Open Meetings Act (the "Act"), a city must give advance notice that it will consider the topic of a "personal endorsement" motion. The city may specifically state in the notice that a personal endorsement motion will be considered for adoption but is not required by the Act to do so unless the city's meeting notices routinely indicate when a motion or resolution will be adopted. If adoption of the personal endorsement motion was invalid because it violated the Act's notice provisions, the invalid action may be cured by readopting the motion at a subsequent meeting after giving adequate notice. The motion would be effective only from the date of its readoption.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee