
October 2, 2024

The Honorable Matthew A. Mills
Hood County Attorney
1200 West Pearl Street
Granbury, Texas 76048

**Opinion No. KP-0475**

Re: Whether the Texas Open Meetings Act, Government Code section 551.071, authorizes discussion about hiring a law firm, and whether boilerplate language contained on a meeting notice or agenda is sufficient notice of an executive session (RQ-0537-KP)

Dear Mr. Mills:

Your request pertains to the sufficiency of notice of an executive session as well as the use of the attorney-consultation exception in the Texas Open Meetings Act (the "Act").[1] You tell us that the Hood County Hospital District (the "District") is a special district subject to the Act's requirements. Request Letter at 1; *see also* TEX. GOV'T CODE § 551.001(3)(H) (defining a "[g]overnmental body" to include "the governing board of a special district created by law"); TEX. SPEC. DIST. CODE §§ 1042.002 (setting out the authority for creating the District), 1042.051 (setting forth the composition of the District's board). You provide information about a particular meeting held by the District's board and include various documents related to that meeting. *See generally* Request Letter at 1–13.

You provide us with a copy of the relevant notice, which contains boilerplate language stating that the "District reserves the right to adjourn into Executive session at any time during the course of this meeting to discuss any of the matters listed" and an enumeration of various potential statutory exceptions to the Act's openness requirement. *Id.* at 4. You also include a letter from the county judge stating that a particular attorney would attend the meeting and the board would "go into Executive Session to discuss the Voter-Approval Tax Rate Election (Implementation of M&O Tax Rate) and the possibility of his firm representing" the District. *Id.* at 6. You inform us that you "notified the [county] judge that the proposed item was not on the agenda, and that the District should not take up that item since it wasn't posted." *Id.* at 1. You state that the county judge conferred with the board's president, who in turn stated that the boilerplate "language at the bottom of every District agenda allows the District to convene into an executive session without additional

---

[1]*See* Letter from Honorable Matthew A. Mills, Hood Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Apr. 25, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0537KP.pdf ("Request Letter").

notice." *Id.* at 2. You explain that the board "did in fact convene into executive session" with a quorum present "to discuss hiring a law firm." *Id.* at 1–2.

Given this information, you pose two questions. You ask whether "the boilerplate language at the bottom of each agenda allow[s] the District to convene an executive session during any meeting without additional notice." *Id.* at 2. You also ask whether it is "proper for a governmental body to convene into executive session to discuss a tax rate election and hiring a law firm to facilitate this process." *Id.* We "cannot determine in a legal opinion whether . . . any person has actually violated the Open Meetings Act" because doing so "requires the investigation and resolution of fact questions." Tex. Att'y Gen. Op. No. JC-0057 (1999) at 1. However, we can generally advise you regarding a court's likely application of the Act. As notice precedes any meeting, we begin by addressing your question related to notice.

**Without more, boilerplate language in a notice that a closed meeting may commence pursuant to certain provisions of the Act is insufficient to alert the general public of the subject to be considered at the meeting.**

The Act's purpose "is to enable public access to, and to increase public knowledge of, government decision making." *Foreman v. Whitty*, 392 S.W.3d 265, 271 (Tex. App.—San Antonio 2012, no pet.) (citing *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991) (orig. proceeding)). To that end, Government Code section 551.041 requires "written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE § 551.041. The notice "must be sufficiently specific to alert the general public to the topics to be considered at the upcoming meeting." *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 467 (Tex. App.—Dallas 2007, no pet.).

The Act's notice requirements apply not only to open meetings, but to executive sessions or closed meetings as well.[2] *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 485–86 (Tex. App.—Austin 2004, pet. denied); *see also* TEX. GOV'T CODE § 551.101(1) (authorizing a closed meeting if, among other requirements, "a quorum of the governmental body first convenes in an open meeting *for which notice has been given*" (emphasis added)). Granted, nothing in the Act requires the notice "to state the section number of the provision authorizing the closed meeting." Tex. Att'y Gen. Op. No. GA-0511 (2007) at 4 (relying on *Rettberg v. Tex. Dep't of Health*, 873 S.W.2d 408 (Tex. App.—Austin 1994, no writ), and *Weatherford*, 157 S.W.3d at 478). Nor does the Act "require the notice to state that a particular subject will be discussed in executive session rather than in open meeting."[3] Tex. Att'y Gen. Op. No. JC-0057 (1999) at 5. As such, a notice may

---

[2]The terms "executive session" and "closed meeting" are often used interchangeably. *See Finlan v. City of Dallas*, 888 F. Supp. 779, 782 (N.D. Tex. 1995) (noting that an "executive session" is now "referred to as a 'closed meeting' in the revised TOMA"); TEX. GOV'T CODE § 551.001(1) (defining "[c]losed meeting" as "a meeting to which the public does not have access").

[3]This office has cautioned that "[w]hen the notices posted for a governmental body's meetings consistently distinguish between subjects for public deliberation and subjects for executive session deliberation, an abrupt departure from this practice may deceive the public and thereby render the notice inadequate." Tex. Att'y Gen. Op. No. JC-0057 (1999) at 5.

include boilerplate language notifying the public that some portion of the meeting may be held as a closed meeting and identifying the potentially applicable exceptions.

However, providing notice that an executive session may commence does not relieve the governmental body of its duty to include in its notice all subjects that will be addressed at the meeting. *See* TEX. GOV'T CODE § 551.041 (requiring "written notice of the . . . subject of each meeting"); *see also Fourth Court of Appeals*, 820 S.W.2d at 764–65 (summarizing the Texas Supreme Court's treatment of notice regarding a meeting's subjects). In determining the sufficiency of a notice, courts compare "the content of the notice given and the action taken at the meeting." *Odessa Tex. Sheriff's Posse, Inc. v. Ector Cnty.*, 215 S.W.3d 458, 473 (Tex. App.—Eastland 2006, pet. denied). Indeed, the requirement that "each closed session and the applicable exception be announced in an open meeting for which notice has been given" helps facilitate this comparison. *Cox Enters., Inc. v. Bd. of Trs.*, 706 S.W.2d 956, 958 (Tex. 1986) (stating the requirement works in tandem with requiring "advance notice of subject matter" so that "it can be determined whether a governmental body is correctly applying the exceptions to [the Act's] general requirement of open meetings"). Ultimately, courts consider whether the provided notice is "sufficient to ensure that a reader was given adequate notice of the proposed governmental action." *Fourth Court of Appeals*, 820 S.W.2d at 765.

Here, the notice attached to your request contains no agenda item about or other reference to a tax rate election or retaining a law firm in relation to that matter. *See* Request Letter at 4. Indeed, even the boilerplate language itself acknowledges that an executive session may only commence "to discuss any of the matters listed" on the notice. *Id.* A notice is insufficient where it is "plainly removed from [the governmental body's] actions at the meeting" or "devoid of any language that could alert the public" of the actions that might take place. *Mares v. Tex. Webb Cnty.*, No. 5:18-CV-121, 2020 WL 619902, at *4 (S.D. Tex. Feb. 10, 2020). Accordingly, a court would likely conclude that boilerplate language referencing the possibility of a closed session pursuant to certain provisions of the Act is insufficient by itself to alert the general public of the topic to be considered in a closed meeting.

### Section 551.071 authorizes a governmental body to consult with an attorney in a closed meeting about retaining the attorney to perform professional legal services.

We next address whether the Act's attorney-consultation exception in section 551.071 authorizes a closed meeting with an attorney to discuss retaining the attorney's law firm to provide services related to a tax rate election.[4] *See* Request Letter at 2. You emphasize that it "may be proper in some circumstances for a governmental body to conduct a private consultation with *its* attorney." *Id.* But you question whether the exception authorizes "a discussion *to hire* a law firm." *Id.* (emphasis added).

The Act requires that "[m]eetings of governmental bodies generally must be open to the public." *Tex. State Bd. Of Pub. Acct. v. Bass*, 366 S.W.3d 751, 759 (Tex. App.—Austin 2012, no

---

[4]You do not ask about and we do not opine on provisions in the Tax Code related to the adoption of tax rates. *See, e.g.*, TEX. TAX CODE § 26.05(d) (requiring a governmental body to hold a public hearing when considering the adoption of certain tax rates).

pet.) (citing TEX. GOV'T CODE § 551.002). However, "there are certain narrow exceptions to that rule, one of which is provided by section 551.071." *Id.* Section 551.071 provides that

> [a] governmental body may not conduct a private consultation with its attorney except:
>
>> (1) when the governmental body seeks the advice of its attorney about:
>>
>>> (A) pending or contemplated litigation; or
>>>
>>> (B) a settlement offer; or
>>
>> (2) on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with this chapter.

TEX. GOV'T CODE § 551.071. The provision thus prohibits a governmental body from privately consulting with its attorney except in certain circumstances.[5] Tex. Att'y Gen. Op. No. JC-0506 (2002) at 2.

Relevant here, subsection 551.071(2) adopts by reference the Texas Disciplinary Rules of Professional Conduct, which itself references the attorney-client privilege set forth in Rule 503 of the Texas Rules of Evidence ("Rule 503"). *See Markowski v. City of Marlin*, 940 S.W.2d 720, 726–27 (Tex. App.—Waco 1997, writ denied) (discussing the application of Rule 503 to discussions in a closed meeting held under section 551.071); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.05(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A (defining "[c]onfidential information" to include "the information of a client protected by the lawyer-client privilege of Rule 503 of the Texas Rules of Evidence"). Accordingly, courts recognize that subsection 551.071(2) incorporates attorney-client privilege as set forth in Rule 503. *See, e.g.*, *In re City of Galveston*, No. 14-14-01005-CV, 2015 WL 971314, at *4 (Tex. App.—Houston [14th Dist.] Mar. 3, 2015, no pet.) (per curiam) (mem. op.); *Killam Ranch*, 376 S.W.3d at 157; *Bass*, 366 S.W.3d at 759; *Olympic Waste Servs. v. City of Grand Saline*, 204 S.W.3d 496, 502 (Tex. App.—Tyler 2006, no pet.). In other words, subsection 551.071(2) applies if a governmental body's consultation with the attorney would be privileged under Rule 503.[6] We therefore examine Rule 503.

Rule 503 provides that a "client" generally "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the

---

[5]This exception "is an affirmative defense on which the governmental entity bears the burden of proof." *Killam Ranch Props., Ltd. v. Webb Cnty.*, 376 S.W.3d 146, 157 (Tex. App.—San Antonio 2012, pet. denied).

[6]"The privilege applies with special force in the governmental context because public officials are duty-bound to understand and respect constitutional, judicial and statutory limitations on their authority; thus, their access to candid legal advice directly and significantly serves the public interest." *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 279 (Tex. 2023) (quotation marks omitted).

rendition of professional legal services to the client." TEX. R. EVID. 503(b)(1). Rule 503 defines the term "client" as follows:

> (a) Definitions. In this rule:
>
>> (1) A "client" is a person, public officer, or corporation, association, or other organization or entity—whether public or private—that:
>>
>>> (A) is rendered professional legal services by a lawyer; or
>>>
>>> (B) consults a lawyer *with a view to obtaining professional legal services from the lawyer*.

*Id.* 503(a)(1) (emphasis added). Rule 503 defines "confidential" communications as those that a client does not intend to disclose to third persons except where "disclosure is made to further the rendition of professional legal services to the client" or the disclosure to a third person is "reasonably necessary to transmit the communication." *Id.* 503(a)(5).

The fundamental purpose of attorney-client privilege is to facilitate "unrestrained communication and contact between an attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any proceeding." *Markowski*, 940 S.W.2d at 726 (citation omitted). "The legislature obviously had this purpose in mind when it enacted section 551.071 . . . ." *Id.* Relevant to your inquiry, the Fifth Circuit has recognized that protecting communications that occur before an attorney has been retained advances this purpose:

> Of critical importance to a meaningful pre-representation interview is the availability of the attorney-client privilege from the initial salutation and greeting on. The existence of the privilege is an essential ingredient to a full and free exchange of information needed by the attorney for an intelligent assessment of the representation invitation.

*In re Auclair*, 961 F.2d 65, 69–70 (5th Cir. 1992).

Under Rule 503, "the protection of the attorney-client privilege is available equally to those persons who [have] hired the lawyer as well as those still seeking to do so." *Mixon v. State*, 224 S.W.3d 206, 209 (Tex. Crim. App. 2007). The privilege thus applies where a client consults with an attorney "with a view to obtaining professional legal services." *In re Z.N.H.*, 280 S.W.3d 481, 485 (Tex. App.—Eastland 2009, no pet.). Indeed, the privilege applies even when the initial consultation does not result in the attorney being retained. *Mixon*, 224 S.W.3d at 208. Accordingly, a court would likely conclude that subsection 551.071(2) authorizes a governmental body to

conduct a closed meeting for the purpose of consulting with an attorney about potentially retaining the attorney's law firm to perform professional legal services.[7]

---

[7]We caution that subsection 551.071(2) is limited to discussing the rendition of professional legal services to the governmental body and may not extend to other matters. *See, e.g.*, *Bass*, 366 S.W.3d at 759 ("A governmental body may not engage in a general discussion of policy unrelated to legal matters in a closed session merely because its counsel is present[.]"); *Olympic*, 204 S.W.3d at 503 (holding that consultations about the "legal ramifications" of terminating a contract were appropriate but discussing the "resulting contractual options" exceeded the scope of the authorization).

**S U M M A R Y**

Government Code section 551.041 requires notice of each subject to be addressed at a meeting and applies to both open and closed meetings held under the Open Meetings Act. Boilerplate language in a notice that a closed meeting may commence pursuant to certain provisions of the Act is insufficient by itself to alert the general public of the subject to be considered at the closed meeting.

Government Code section 551.071 contains the attorney-consultation exception to the Open Meetings Act. Under subsection 551.071(2), a governmental body may conduct a closed meeting for the purpose of consulting an attorney about potentially retaining the attorney's law firm to perform professional legal services.

Very truly yours,

K E N   P A X T O N
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee